# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AARON L. PATTERSON,
                Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
DC-0841-12-0399-C-2

DATE: April 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sandra Perry</u>, Virginia Beach, Virginia, for the appellant.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In March 2012, the appellant filed a Board appeal of the Office of Personnel Management's (OPM's) February 27, 2012 reconsideration decision that denied his request to recalculate his Federal Employees' Retirement System (FERS) disability annuity benefits to eliminate an offset for Social Security Administration (SSA) disability benefits. *See* MSPB Docket No. DC-0841-12-0399-I-1, Initial Appeal File, Tab 1. He alleged that, while he was incarcerated, he was ineligible for SSA benefits and therefore OPM should have eliminated the offset for SSA disability benefits for the period of time that he was confined to a public institution. *Id*.

¶3 The Board found that the appellant was not entitled (i.e., had no right) to SSA benefits during his incarceration and remanded the matter to OPM to recalculate his FERS disability retirement annuity to account for the cessation of his monthly SSA disability benefits. *Patterson v. Office of Personnel Management*, MSPB Docket No. DC-0841-12-0399-I-1, Remand Order (May 30, 2013). The Board ordered OPM to issue a new reconsideration decision within 60 days of the date of the order and to inform the appellant of his right to file a Board appeal if he disagreed with the new decision. *Id*. at 4-5.

¶4    In August 2013, the appellant filed a petition for enforcement, alleging that OPM had not yet complied with the May 30, 2013 Order. MSPB Docket No. DC-0841-12-0399-C-1, Compliance File, Tab 1. The administrative judge denied the appellant's petition for enforcement, finding that OPM complied with the 2013 Order to recalculate the appellant's FERS disability annuity benefits, and the appellant petitioned for review. MSPB Docket No. DC-0841-12-0399-C-1, Compliance Initial Decision (Oct. 23, 2013); MSPB Docket No. DC-0841-12-0399-C-1, Petition for Review File, Tab 1. The Board found that the May 30, 2013 Order expressly directed OPM to issue a new reconsideration decision in which it recalculated the appellant's FERS disability annuity benefits to account for the cessation of SSA disability benefits. *Patterson v. Office of Personnel Management*, MSPB Docket No. DC-0841-12-0399-C-1, Final Order at 4 (July 3, 2014). The Board found that, although OPM recalculated the appellant's disability benefits pursuant to the 2013 Order, OPM did so in an initial decision. *Id*. Thus, the Board found that OPM had not complied with the 2013 Order, and ordered OPM, within 60 days of the July 3, 2014 issuance date, to issue a new reconsideration decision that advised the appellant of his right to appeal to the Board if he disagreed with that new decision. *Id*. at 6.

¶5    On September 16, 2014, the appellant filed a second petition for enforcement. MSPB Docket No. DC-0841-12-0399-C-2, Compliance File (C-2 CF), Tab 1. He alleged that OPM had not issued a reconsideration decision recalculating his disability benefits within 60 days of the Board's July 3, 2014 decision. *Id*. The administrative judge found in a December 24, 2014 compliance initial decision that OPM actually had issued the reconsideration decision before the Board's order, issuing it on May 27, 2014. *Id*., Tab 7, Compliance Initial Decision (CID) at 3; *see* C-2 CF, Tab 3 at 5-6. She further found that OPM's May 27, 2014 reconsideration decision provided the appellant with Board appeal

rights if he disagreed with the decision. CID at 3[2]; *see* C-2 CF, Tab 3 at 5-6. Also, she found that sanctions against OPM were not warranted. CID at 4.[3]

¶6 In his petition for review, the appellant admits that OPM issued a reconsideration decision, MSPB Docket No. DC-0841-12-0399-C-2, Petition for Review File, Tab 1, but he argues that OPM was late in complying with the Board's remand order and that this caused him to be recommitted to a state facility, *id*. Attached to the appellant's petition for review of the second compliance initial decision dated December 24, 2014, is a copy of his petition for review of the first compliance initial decision. *Id*.

¶7 Pursuant to 5 U.S.C. § 1204(a)(2), the Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). The agency bears the burden of proving that it has complied. *Miller v. Department of the Army*, 109 M.S.P.R. 41, ¶ 10 (2008). Based on the evidence of record and the appellant's admission in his petition for review, we find that the administrative judge properly found that OPM is in compliance with the Board's July 3, 2014 Order to issue the appellant a reconsideration decision recomputing his FERS disability annuity.

¶8 It appears that the appellant is asserting that the administrative judge erred in finding that sanctions against OPM were not warranted and is reiterating the request that he made in his petition for review of the first compliance initial

---

[2] The Board has jurisdiction over appeals from final decisions of OPM. *See Lua v. Office of Personnel Management*, 102 M.S.P.R. 108, ¶ 8 (2006). The applicable regulations define OPM's reconsideration decision as a final decision. 5 C.F.R. § 841.306(e). It appears that the appellant has not filed a petition for appeal from OPM's May 27, 2014 reconsideration decision recalculating his FERS disability annuity.

[3] The December 24, 2014 compliance initial decision states that OPM demonstrated that "it complied with all of the material terms of the [settlement] agreement." CID at 3. The administrative judge mistakenly refers to a settlement agreement instead of the 2014 Order; nothing in the record shows that the parties executed a settlement agreement.

decision that the Board award him monetary damages for OPM's delay in issuing the reconsideration decision. The Board found in its July 3, 2014 nonprecedential final order that the appellant's assertions were insufficient to show that OPM acted in bad faith in failing to comply with the 2013 Order and that sanctions were warranted. *Patterson v. Office of Personnel Management*, MSPB Docket No. DC-0841-12-0399-C-1, Final Order at 5 (July 3, 2014). Here, we find similarly that the appellant has failed to show that OPM acted in bad faith in the manner that it complied with the Board's July 3, 2014 Order. In any event, although the Board has the authority to impose sanctions for failure to comply with a Board order, it lacks the authority to impose monetary damages as a sanction for noncompliance. *Cunningham v. Department of Veterans Affairs*, 91 M.S.P.R. 523, ¶ 3 (2002).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:         _____
                       William D. Spencer
                       Clerk of the Board

Washington, D.C.